UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at FRANKFORT**

| | | |
|---|---|---|
| JAMES L. TRAINER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | 3:14-cv-58-JMH-EBA |
| v. | ) | |
| | ) | |
| AARON SMITH, Warden, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

On September 2, 2014, Petitioner James L. Trainer filed a document styled "Emergency Petition to the Court for a Temporary Stay of Tolling of Time to File Federal Habeas Corpus § 2254 by a State Prisoner" [DE 1]. In his pleading, Petitioner stated that his current deadline to file a habeas petition was September 26, 2014, and that he needed more time to file a petition because his legal documents were seized by prison officials and were being held in an evidence locker.

On September 9, 2014, Magistrate Judge Edward B. Atkins entered an Order in which he concluded that there is no merit to Trainer's Petitioner because he has failed to show that there have been extraordinary circumstances that would justify equitable tolling because the "alleged denial of access to legal materials [is not] an exceptional circumstance warranting the equitable tolling of the one year limitations period. [DE 2 at Page ID# 15-16 (quoting *Grayson v. Grayson*, 185 F.Supp.2d 747, 751 (E.D.Mich. 2002)).]

28 U.S.C. § 636(b)(1)(A) and (B) provide that a magistrate judge may be designated by the court to hear and determine non-dispositive pretrial matters. However, among other requests for relief, those motions for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action may only be referred to a magistrate judge for any necessary hearings and the preparation of proposed findings of fact and recommendations for disposition. In the instant matter, the decision of the magistrate judge would, in fact, dismiss the Petition [DE 1] for failure to state a claim upon which relief can be granted or otherwise work an involuntary dismissal of Petitioner's request for relief.

Accordingly and out of an abundance of caution, the Court now considers the Order [DE 2] as a Report and Recommendation. No objections to the Order have been filed within the fourteen day period provided for in 28 U.S.C. § 636(b)(1). Generally, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636. However, when the petitioner fails to file any objections to the Report and Recommendation, as in the case *sub judice*, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Further, the Court concludes that the recommended disposition is well supported by the law cited by the magistrate judge and the facts averred in the Petition.  Consequently and in the absence of any objections from Defendant Trainer, this Court adopts the well-articulated and detailed reasoning set forth in the Opinion as its own.

Accordingly, **IT IS ORDERED:**

(1)  that the Magistrate Judge's Order [DE 2] is **ACCEPTED** and **ADOPTED** as the Court's decision;

(2)  that Petitioner's "Emergency Petition to the Court for a Temporary Stay of Tolling of Time to File Federal Habeas Corpus § 2254 by a State Prisoner" [DE 1] is **DENIED;**

(3)  that this decision is **FINAL AND APPEALABLE** and there is **NO JUST CAUSE FOR DELAY;** and

(4)  that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET.**

This is the 9th day of October, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge